EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* FACUNDO LOZADA, acusado y apelante.

No. 3433.—*Visto:* Marzo 20, 1928. *Resuelto:* Marzo 26, 1928.

HOMICIDIO—JUICIO—VEREDICTO—EN GENERAL.—El derecho a la defensa propia en ningún caso se extiende a la inflicción de más daño que el necesario al objeto, y cuando la prueba demuestra que uno que es atacado por otro con una espuela, antes de coger el acometido un machete que luego utiliza, derriba al suelo a su agresor y lo tira de dentro de una casa al batey—lo que parece demostrar que el agredido era más fuerte que el agresor—y cuando continuando después el ataque con la espuela el agredido coge un machete y le infiere muchas heridas, algunas graves y que le causan la muerte, dos en la parte posterior del cuerpo—lo que hace pensar que no siempre lo hirió de frente—, no cabe sostener que el veredicto es contrario a las pruebas por no declarar exento de responsabilidad al acusado por haber obrado en defensa propia.

SENTENCIA de *Gabriel Castejón,* J. (Humacao), condenando al acusado por delito de homicidio voluntario. *Confirmada.*

*F. Cervoni Gely,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Facundo Lozada fué acusado de asesinato en segundo grado por haber dado muerte a Fermín González asestándole

varias heridas con un machete en circunstancias que demuestran tener un corazón pervertido y maligno.

Celebrado el juicio ante un jurado éste rindió veredicto de culpabilidad por delito de homicidio voluntario, y dictada sentencia por la corte condenando al acusado a tres años de presidio interpuso esta apelación cuyo único motivo tivo se funda en ser el veredicto contrario a la prueba, por entender el apelante que se demostró un caso de defensa propia que lo exime de responsabilidad.

La prueba presentada por el fiscal en el juicio consistió en las declaraciones de tres testigos y de un perito médico. El acusado no presentó prueba alguna.

Según la exposición del caso que tenemos ante nosotros, el testigo Faustino Rivera Medina declaró bajo juramento lo siguiente: "Que en la mañana del día 4 de Enero de 1926, en el barrio Jácana de Yabucoa, Facundo Lozada se encontraba en su casa de visita, cuando llegó Fermín González y entró en la sala con una espuela en la mano, acometiendo a Facundo con la espuela. Que Facundo se escapaba de los golpes y empujó a Fermín que cayó al suelo. Facundo se tiró abajo por la puerta como para irse, pero Fermín se tiró también por la puerta y se le fué detrás tirándole con la espuela. Que Facundo reculaba y se acercó a la puerta de la casa, donde había un machete pegado al seto, cuyo machete cogió Facundo y se le escapaba con él de los golpes que con la espuela le tiraba Fermín. Que Facundo hería a Fermín cada vez que éste se le iba encima y le decía: 'Por Dios, estate quieto.'" Cruz Rivera Medina declaró sustancialmente igual al anterior testigo con la sola diferencia de que cuando Fermín cayó al suelo por haberlo empujado Facundo, éste logró echarle abajo, al batey. El otro testigo, que era el juez municipal, se limitó a decir que Facundo le manifestó que había matado a Fermín porque le entró a golpes con una espuela cuando estaba de visita en casa de un amigo.

De la declaración del perito médico resulta que el cuerpo

de Fermín González tenía trece heridas que fueron descritas por él, siendo algunas de ellas las siguientes: una herida incisa como de cuatro centímetros de longitud que interesaba el hueso de la región parietal, grave: otra herida igual en la región occipital presentando erosiones en la región frontal y en la parietal izquierda con escisión completa de la oreja, queriendo decir con esto que el machete o instrumento con el cual fueron producidas las heridas le cogió todo balano (*sic*) de la oreja y se la separó: otra herida incisa superficial, como de seis centímetros de longitud, que se extendía desde el ángulo del ojo izquierdo al ángulo izquierdo de la boca: otra herida como de seis centímetros de longitud, incisa-profunda, en la región infraescapular, en la espalda, entre los dos omoplatos; otra en el antebrazo derecho, como de cinco centímetros de longitud, profunda, hacia el lado interno del antebrazo derecho, en el tercio superior, que interesaba la masa muscular: otra herida en el tercio superior del antebrazo izquierdo como tres pulgadas abajo del codo, que se extendía hacia el lado interno del antebrazo y hasta la pared posterior, la cual interesó el hueso, los bazos internos y músculos del hueso cúbito y seccionó también los bazos; siendo la herida más grave la que recibió en el brazo derecho, como de diez centímetros de longitud, extendiéndose desde tres pulgadas bajo del codo por su parte interior hasta el lado interno, hasta llegar a la superficie posterior del tercio superior, interesando la piel, la masa muscular y seccionando la arteria, la vena urnal y el hueso cúbito, la que le ocasionó una profunda hemorragia y causó la muerte a Fermín González.

El derecho a la propia defensa según el artículo 54 del Código Penal, en ningún caso se extiende a la inflicción de más daño que el necesario al objeto, debiendo ser de tal naturaleza las circunstancias que lleven al ánimo de una persona de moderada prudencia el convencimiento de hallarse el acusado en peligro inminente de muerte o de grave

daño corporal; no significando fundado temor el de un cobarde sino el temor de una persona de moderado valor. Teniendo estas reglas por guía examinaremos la prueba de este caso.

Es cierto, según las declaraciones de los dos testigos oídas por el jurado, que mientras el apelante estaba en la casa de un amigo fué atacado por Fermín González al llegar a ella, tirándole golpes con una espuela, pero también lo es que en la sala de la casa, sin tener entonces el apelante el machete que luego utilizó, pudo derribar al suelo a su agresor y hasta tirarlo al batey, según uno de los testigos, lo que parece demostrar que el acometido era más fuerte que su agresor. Después, y cuando continuaba el ataque con la espuela, el apelante usaba un machete que cogió y hería a Fermín cada vez que éste se le iba encima, causándole muchas heridas, algunas de ellas de gravedad y tan profundas que le causaron la muerte, siendo una de ellas en la región occipital y otra en la espalda entre los omoplatos, las que nos hacen pensar que no siempre lo hirió de frente y posiblemente sin ser atacado dada la situación de esas dos heridas, por lo que en vista de la manera como ocurrieron los hechos en este caso no estamos dispuestos a declarar que el veredicto del jurado sea contrario a la prueba por no haber declarado exento de responsabilidad al apelante por haber obrado en defensa propia, y *debemos confirmar la sentencia apelada.*

El Juez Asociado Señor Hutchison está conforme con el resultado.